O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Albina Petrosian; and Levon Petrosian,<br><br>            Plaintiffs,<br><br>  vs.<br><br>Western Reserve Life Assurance Company of Ohio, a corporation; and Does 1-20, inclusive,<br><br>            Defendants. | CV 11-1323 RSWL (FMOx)<br><br>**ORDER Re:(1) Defendant's Motion to Dismiss Plaintiffs' First, Second, Third and Fourth Claims for Relief [7] and (2) Defendant's Motion to Strike Prayer for Punitive Damages [8]** |

On April 27, 2011, Defendant Western Reserve Life Assurance Company of Ohio's Motion to Dismiss Plaintiff Albina Petrosian and Levon Petrosian's ("Plaintiffs") First, Second, Third and Fourth Claims for Relief [7] and Defendant Western Reserve Life Assurance Company of Ohio's Motion to Strike Prayer for Punitive Damages [8] came on for regular calendar before this Court. Having considered all the papers and arguments pertaining to these Motions, the Court **NOW FINDS AND RULES AS**

1

**FOLLOWS:**

1. <u>Defendant Western Reserve Life Assurance Company Of Ohio's Motion To Dismiss Plaintiffs' First, Second, Third And Fourth Claims For Relief</u>

Defendant Western Reserve Life Assurance Company of Ohio's ("Defendant") Motion to Dismiss is **GRANTED.**

Defendant moves to dismiss: (1) Plaintiffs' First Cause of Action for Breach of Contract as to Plaintiff Levon Petrosian; (2) Plaintiffs' Second Cause of Action for Breach of Covenant of Good Faith and Fair Dealing as to Plaintiff Levon Petrosian; (3) Plaintiffs' Third Cause of Action for Agent Fraud in its entirety; and (4) Plaintiffs' Fourth Cause of Action for Assessment of Punitive Damages in its entirety.

The Court **GRANTS** Defendant's Motion to Dismiss as to the First and Second Causes of Action for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing as to Plaintiff Levon Petrosian.

As to the First Cause of Action for Breach of Contract, the Court finds that the Complaint fails to state a claim upon which relief may be granted with respect to Plaintiff Levon Petrosian.  Specifically, the Complaint alleges that Plaintiff Albina Petrosian is the named primary beneficiary under the Policy at issue in this Action, Western Reserve life insurance policy number 910-013227885 ("Policy"), and that Plaintiff Levon Petrosian is the contingent beneficiary under this Policy.  As the Policy's primary beneficiary

here survived the Insured, Kristina Petrosian ("Insured"), the Court therefore finds that Plaintiff Levon Petrosian's contingent rights under the Policy have not and cannot come into being. See <u>Mayr v. Arana</u>, 133 Cal. App. 2d 471, 474-75 (1955) (agreeing with the court in <u>Rossetti v. Hill</u>, 161 F.2d 549 (9th Cir. 1947) "that since the 'direct' beneficiary survived the insured[,] the right of the 'contingent' beneficiaries never came into being."). Therefore, as Plaintiffs cannot maintain a claim for breach of contract here with respect to Plaintiff Levon Petrosian, and Plaintiffs do not oppose Defendant's Motion to Dismiss, Plaintiffs' First Cause of Action for Breach of Contract as to Plaintiff Levon Petrosian is **DISMISSED WITH PREJUDICE**.

Moreover, as Plaintiffs cannot state a claim for breach of contract here with regard to Plaintiff Levon Petrosian, the Court finds that Plaintiffs cannot state a claim upon which relief can be granted as to the Second Cause of Action for Breach of Covenant of Good Faith and Fair Dealing with regard to Plaintiff Levon Petrosian. See <u>Waller v. Truck Ins. Exchange, Inc.</u>, 11 Cal. 4th 1, 35-36 (1995) (holding that absent the contractual right, the implied covenant has nothing upon which to act as a supplement, and "should not be endowed with an existence independent of its contractual underpinnings"). Therefore, as Plaintiffs cannot maintain a claim for breach of covenant of good

faith and fair dealing here with respect to Plaintiff Levon Petrosian, and Plaintiffs do not oppose Defendant's Motion to Dismiss, Plaintiffs' Second Cause of Action for Breach of Good Faith and Fair Dealing as to Plaintiff Levon Petrosian is **DISMISSED WITH PREJUDICE.**

The Court **GRANTS** Defendant's Motion to Dismiss as to the Third Cause of Action for Agent Fraud. Plaintiffs have twenty days with which to amend their claim.

In order to state a claim for fraud, a plaintiff must plead: (1) misrepresentation (2) knowledge of falsity or "scienter," (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. See Engalla v. Permanente Med. Grp., Inc., 15 Cal. 4th 951, 974 (1997).

The Court finds that Plaintiffs have failed to state a claim upon which relief may be granted as to the Third Cause of Action for Agent Fraud. Specifically, Plaintiffs fail to allege sufficient facts here to show that Plaintiffs relied on the Defendant's allegedly false misrepresentations, as the Complaint alleges that the misrepresentations were made to the Insured, and not to either of the Plaintiffs. Moreover, the Court finds that Plaintiffs fail to allege sufficient facts here to show that Plaintiffs suffered damages as a result of the alleged misrepresentations. See Conrad v. Bank of America, 45

Cal. App. 4th 133, 156 (1996).

As such, the Court **GRANTS** Defendant's Motion to Dismiss as to the Third Cause of Action for Agent Fraud. However, the Court grants Plaintiffs **20 days leave to amend** as to this claim because Plaintiffs may be able to allege facts to support a claim for agent fraud.

The Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiffs' Fourth Cause of Action for Assessment of Punitive Damages. The Court finds that no such claim for relief exists under California law. See <u>Hilliard v. A.H. Robins Co.</u>, 148 Cal. App. 3d 374, 391 (1983). Accordingly, as Plaintiffs cannot maintain a claim for assessment of punitive damages here, and Plaintiffs do not oppose Defendant's Motion to Dismiss here, Plaintiffs' Fourth Cause of Action for Assessment of Punitive Damages is **DISMISSED WITH PREJUDICE.**

2. <u>Defendant Western Reserve Life Assurance Company Of Ohio's Motion To Strike Prayer For Punitive Damages</u>

Defendant's Motion to Strike Prayer for Punitive Damages is **DENIED.**

Defendant moves to strike the allegations set forth in paragraphs 5, 10, 11, 15, 18[1] of the Complaint, and

---

[1] As the Court **GRANTS** Defendant's Motion to Dismiss, Defendant's Motion to Strike as to paragraphs 15 and 18 of Plaintiffs' Complaint is therefore moot

the prayer for exemplary damages set forth on page 6, line 2 of the Complaint.

The Court finds that the allegations at issue here sufficiently comply with the Federal Rules of Civil Procedure, as Plaintiffs adequately specify the allegations regarding Defendant's intentional and malicious behavior in failing to provide the Policy amount, as well as the relief sought by Plaintiffs in this Action, and therefore provide sufficient notice to Defendant of the claims against it in this Action. See <u>California v. United States</u>, 512 F. Supp. 36, 39 (N.D. Cal. 1981).

**IT IS SO ORDERED.**

DATED: May 9 , 2011.

RONALD S.W. LEW

---
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

---

and need not be addressed.